UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

 Plaintiff,

v.                  Case No. 05-M-441

CHRISTIAN ARANGURE-GUZMAN,

 Defendant.

## ORDER

  Earlier today a detention hearing was conducted in the above-captioned criminal proceeding. The defendant, Christian Arangure-Guzman ("Mr. Guzman"), is charged in a one-count complaint with violating 21 U.S.C. § 846 by conspiring to distribute marijuana in May and June, 2005. At the detention hearing the government argued for detention. I rejected the government's argument and instead ordered the release of the defendant on a $5,000 cash or property bond, with the further condition that he reside at his Milwaukee residence (where he currently lives with his father, mother, and children) on electronic monitoring. I stated on the record the reasons for not detaining the defendant. But, because I believe the issues raised during the hearing may be of some consequence, I have decided to issue this written order as well.

  To reiterate, the defendant is charged in a one-count complaint with conspiracy to distribute marijuana. However, according to the Assistant United States Attorney who represented the government at the hearing, the penalty that Mr. Guzman faces if he were to be convicted is not more than five years in prison. Consequently, the presumption of detention that is normally applicable to

charges involving violations of the Controlled Substances Act does not apply to Mr. Guzman's case. *See* 18 U.S.C. § 3142(e).

Furthermore, Mr. Guzman, who is now twenty-eight (28) years of age, has lived in the United States since 1994, and he has lived in Milwaukee since 2000. Mr. Guzman's wife was killed in an automobile accident on November 21, 2004. Consequently, Mr. Guzman's parents moved to Milwaukee from Mexico approximately six months ago so that they might assist him in caring for his three minor children. Mr. Guzman, his father and mother, and the three children all live together in the same Milwaukee residence.

For the past five months Mr. Guzman has been employed by his brother at his brother's landscaping business. Prior to that, from 2000 to 2004, he was employed by "Kapco" in Grafton, Wisconsin. In late November, 2004, Mr. Guzman lost his job at Kapco when he left work for a period of time so that he might attend to his wife's funeral arrangements and related matters in Mexico.

Mr. Guzman has not been previously convicted of any crimes. Moreover, there is no indication that Mr. Guzman uses any illicit drugs.

None of the foregoing would suggest the need for detention. Indeed, a court is not to detain any individual defendant unless and until the court is persuaded by a preponderance of the evidence that there is no condition or combination of conditions of release that will reasonably assure the future appearance of the defendant or, in the alternative, by clear and convincing evidence that there is no condition or combination of conditions of release that will reasonably assure the safety of the community or of any particular individual. *See* 18 U.S.C. § 3142(f). This brings me to the government's argument in support of detention.

The defendant is undisputedly in this country illegally. Indeed, prior to the criminal complaint being issued, the Bureau of Immigration and Customs Enforcement ("BICE"), which is part of the United States Department of Homeland Security, had come into contact with Mr. Guzman and had secured from Mr. Guzman a stipulation for deportation. And, herein lies the problem. The government's argument for detention rested principally, if not exclusively, on the proposition that, if the court were to release Mr. Guzman on conditions of bond, BICE would act on the detainer it has filed in this matter, pick up the defendant, and immediately deport him to Mexico, thereby rendering him unavailable for trial on the charges set forth in the criminal complaint. In other words, one arm of the Executive Branch, i.e., the Department of Homeland Security through BICE, would render unavailable for trial a person that another arm of the Executive Branch, i.e., the Department of Justice, wants to take to trial on criminal charges.

I am a judicial officer. As a magistrate judge acting on questions of pretrial release, I am to follow and apply the provisions of 18 U.S.C. § 3142. More particularly, 18 U.S.C. § 3142(g) sets forth the factors I am to consider in determining whether the government (the Executive Branch) has satisfied its burden of demonstrating the need for detention of a criminal defendant. Without listing those factors in detail, suffice it to say that § 3142(g) does not call for the detention of a criminal defendant merely because he is an illegal alien. Regardless of a defendant's immigration status, if the court is otherwise persuaded that there is a condition or combination of conditions that will reasonably assure the appearance of the defendant and the safety of the community, then the court must reject the call for detention and impose those release conditions. In this case, I was persuaded that there were conditions of release that would satisfy those interests (indeed, I still am so persuaded). Consequently, I imposed them.

If one arm of the Executive Branch acts to render Mr. Guzman unavailable for the trial to which another arm of the Executive Branch wishes to subject him, then so be it. My responsibility is to apply the law as Congress (the Legislative Branch) has written it. And simply stated, my application of the law of pretrial release leads me conclude that pretrial release of Mr. Guzman is appropriate. To detain Mr. Guzman <u>solely</u> because the Department of Justice asserts that BICE will be required to make him unavailable for trial if he is released on conditions of bond would be tantamount to surrendering to the Executive Branch my responsibility as a judicial officer. That I will not do.

In conclusion, for the reasons set forth above, and for all of the reasons set forth on the record at Mr. Guzman's detention hearing, I am satisfied that there are a combination of conditions that will reasonably assure Mr. Guzman's appearance in the future and the safety of the community. Consequently, the government's (i.e., the Department of Justice's) request for detention of Mr. Guzman is denied.

**SO ORDERED** this  22nd  day of June 2005, at Milwaukee, Wisconsin.

s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

4